UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN JUNIOR GREER,

    Petitioner,                                     Case No. 1:09-cv-34

v                                                 HON. JANET T. NEFF

SHIRLEE A. HARRY,

    Respondent.
_____/

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 involving Petitioner's conviction of armed robbery under MICH. COMP. LAWS § 750.529 (2011) and as a habitual offender under MICH. COMP. LAWS § 769.12 (2011).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as without merit.  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Final Order.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner does not make any enumerated objections to the Magistrate Judge's Report and Recommendation, but rather generally restates some of the arguments from his habeas petition and supporting memorandum.  Petitioner objects to the following findings of the Magistrate Judge:  (1)

that there was sufficient evidence to support his conviction (Pet'r Obj., Dkt 29 at 3; R & R, Dkt 26 at 16-18), and (2) that he received effective assistance from his trial counsel with respect to his alibi defense (Pet'r Obj., Dkt 29 at 3; R & R, Dkt 26 at 18-23). Petitioner also raises a challenge for the first time based on the lack of fingerprints or DNA evidence (Pet'r Obj., Dkt 29 at 2).

## I. Insufficiency of the Evidence

The Magistrate Judge properly evaluated the evidence presented at trial in the light most favorable to the prosecution; presumed that conflicting inferences supported by the record were resolved in favor of the prosecution by the trier of fact; and did not weigh evidence, assess witness credibility, or substitute the Magistrate Judge's judgment for that of the jury in concluding that a rational trier of fact could find beyond a reasonable doubt that Petitioner was guilty (R & R, Dkt 26 at 16-18).

Petitioner objects, alleging that several witnesses identified a photograph of another suspect as the perpetrator of the crime and that descriptions of the perpetrator given by witnesses do not match his description (Pet'r Obj., Dkt 29 at 3). The Magistrate Judge correctly reasoned, however, that the victim's in-court identification of Petitioner as the perpetrator of the crime, and other eyewitness testimony, viewed in the light most favorable to the prosecution, would allow a rational trier of fact to conclude beyond a reasonable doubt that Petitioner was guilty (R & R, Dkt 26 at 17). Therefore, Petitioner's argument that there was insufficient evidence to support his conviction is without merit, and his objection is denied.

## II. Ineffective Assistance of Counsel - Alibi Defense

The Magistrate Judge correctly applied the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate Petitioner's claim of ineffective assistance of counsel

with regard to Petitioner's alibi defense (R & R, Dkt 26, at 18-23). Petitioner makes no new argument in his objection, but rather reiterates his assertion that his trial counsel provided ineffective assistance by failing to subpoena two witnesses in a timely manner. The Magistrate Judge correctly found no basis for habeas relief because (1) counsel's actions were not below an objective standard of reasonableness, and (2) counsel's actions did not prejudice Petitioner's defense as determined by the state court. Petitioner's argument is without merit, and his objection is denied.

### III. New Issues Raised for the First Time in Objection

Petitioner states that he was unaware until he read the Magistrate Judge's Report and Recommendation that an investigator testified that items from or near the scene of the crime were sent to a state crime lab for fingerprint analysis, and he was not informed of the results (Pet'r Obj., Dkt 29 at 2).[1] Petitioner for the first time in his objection makes the following claims: (1) his trial and appellate counsel overlooked this issue, and (2) he should be given "a DNA test" and if his DNA is not present, he should have a new trial (*id.* at 3). Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Issues not raised in the petition to the Magistrate Judge are deemed waived. *Id.*; *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Because Petitioner did not raise these issues in his petition to the Magistrate Judge, they are waived.

Even if these issues were not waived, Petitioner's argument is without merit. As stated above, the Magistrate Judge found that sufficient evidence to identify Petitioner as the perpetrator of the crime existed solely based upon the testimony of the victim and other eyewitnesses (R & R,

---

[1] Petitioner provides no citation to the record for the Court to evaluate the basis or accuracy of his statements.

Dkt 26 at 17). The absence of Petitioner's fingerprints or DNA evidence would not negate other probative evidence. Further, the investigating officer testified concerning the fingerprints on direct and cross examination (Tr. II, Dkt 16 at 5, 12-13), and defense counsel mentioned the lack of physical evidence as part of his opening argument (Tr. I, Dkt 15 at 62-63). Petitioner's objection is therefore without merit.

## IV.  Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable.  A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: January  5 , 2012                                  /s/ Janet T. Neff                                 
                                                         JANET T. NEFF
                                                         United States District Judge